1 Tammy J. Terry (SB# 230283)

2 OSHA BERGMAN WATANABE & BURTON LLP

3 1100 Louisiana St., Suite 4900

4 Houston, TX 77002

5 Phone: (713) 228-8600

6

7 *Attorneys for Plaintiff*

8 *Novoluto GmbH*

9 **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

11

| | |
|---|---|
| NOVOLUTO GMBH, | § Case No. 8:24-cv-01907 |
| | § |
| Plaintiff, | § **COMPLAINT FOR PATENT** |
| vs. | § **INFRINGEMENT** |
| | § |
| XR, LLC D/B/A XR BRANDS, | § |
| | § |
| Defendant. | § **JURY TRIAL DEMANDED** |
| | § |

18 **NOVOLUTO GMBH'S**
19 **COMPLAINT FOR PATENT INFRINGEMENT**

20     Plaintiff, Novoluto GmbH ("Novoluto" or "Plaintiff"), files this complaint
21 against Defendant, XR, LLC d/b/a XR Brands ("XR Brands" or "Defendant"),
22 seeking damages and other relief for XR Brands' infringement of U.S. Patent Nos.
23 9,763,851, 10,857,063, 11,090,220, 11,103,418, 9,849,061, and 9,937,097.
24 Novoluto, by and through its counsel, alleges and states, with knowledge as to its
25 own acts and on information and belief as to other matters, as follows:

26     **NATURE OF ACTION**

27     1.     This is a patent infringement case arising under the Patent Laws of the
28 United States, 35 U.S.C. § 1, et seq.

1

2.      Novoluto owns U.S. Patent Nos. 9,763,851 ("the '851 Patent"),
10,857,063 ("the '063 Patent"), 11,090,220 ("the '220 Patent"), 11,103,418 ("the
'418 Patent"), 9,849,061 ("the '061 Patent"), and 9,937,097 ("the '097 Patent")
(collectively "the Asserted Patents"), titled "Stimulation Device" (Exhibits 1-4) and
"Stimulation Device Having An Appendage" (Exhibits 5-6), and has the right to
enforce these patents against infringers.

3.      XR Brands has directly infringed one or more claims of the Asserted
Patents by making, using, selling, offering to sell, and/or importing stimulation
devices, including at least the Shegasm Mini 12X Mini Silicone Clit Stimulator,
Bloomgasm Wild Rose 10X Suction Clit Stimulator, Shegasm Focused  Clitoral
Stimulator, The Perfect Rose Clitoral Stimulator, Sweet Heart Rose 5X Suction Rose
+ 10K Vibrator, Mystic Rose Sucking & Vibrating Silicone Rose, Bloomgasm Rose
Duet Sucking & Vibrating Silicone Duo, Enchanted Rose 10X Clit Stimulator,
Blooming Bunny Sucking & Thrusting Silicone Rabbit Vibrator, The Double Tease
Rose 10X Sucking & Licking Rose Stimulator, Romping Rose 10X Suction Rose &
Thrusting Vibrator, Royalty Rose Textured Suction Clit Stimulator, Passion Petals
10X Silicone Suction Rose Vibrator, Shegasm 5 Star Vibe Tech, and Gossip Rose
Crave 10X Silicone Clit Stimulator (the "Accused Products").  This infringement
has been willful as XR Brands knew about Novoluto's patented products and its
patents when XR Brands designed the Accused Products.

**THE PARTIES**

4.      Plaintiff Novoluto is a company organized and existing under the laws
of Germany, with a principal place of business at Hermann-Blankenstein-Str. 5,
10249 Berlin, Germany.

5.      Defendant XR Brands is a corporation organized and existing under the
laws of Maryland, with a principal place of business at 15251 Pipeline Lane, in
Huntington Beach, California.

COMPLAINT FOR PATENT INFRINGEMENT

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.  This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant resides in California and has its principal place of business in this District, regularly conducts business in this District, and continues to commit acts of patent infringement in this District, including by making, using, offering to sell, and/or selling products that infringe the Asserted Patents within this District.

8.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1400(b) because Defendant resides in, has committed and continues to commit acts of patent infringement in, and has its principal place of business in, this District.

## BACKGROUND

9.      The Asserted Patents describe the first sexual stimulation devices to use modulated positive and negative pressures with respect to a reference pressure to enhance sexual arousal.

10.      The '851, '063, '220, and '418 Patents are each generally directed to a handheld sexual stimulation device with various components and features, including an opening through which modulated positive and negative pressures can be applied to female erogenous zones, particularly the clitoris.  The '097 and '061 Patents are also generally directed to handheld sexual stimulation devices that, among other features, each include an opening through which modulated positive and negative pressures can be applied to female erogenous zones, particularly the clitoris, as well as a vaginal dildo appendage.

11.      The commercial embodiments of the Asserted Patents are branded under the originally German name, "Womanizer®", a name given by the German inventor, inspired by the idea that the invention would revolutionize sexual arousal

3

for women. Translated to English, the name bears unfortunate colloquial negative connotations that have been noted by various commentators; however, due to the products' patented features, the products experienced such rapid success that a name change in the United States became impractical. The commercial embodiments of the Asserted Patents include, among others, the "Classic," "Premium," "Starlet," and "Pro40" products, and are collectively referred to here as "Commercial Embodiments." The Commercial Embodiments have been described as "an entirely new type of sex toy," "totally unique," and "nothing short of perfection."

12.    After Novoluto filed the applications that led to the Asserted Patents and launched the first commercial embodiments, the industry saw an influx of devices attempting to capitalize on the innovative technology disclosed in the Asserted Patents, including a multitude of Defendant's "Rose" type products (both with and without appendages), as well as various products in Defendant's Shegasm and Bloomgasm lines of products.

13.    On information and belief, Defendant has been aware of the Asserted Patents and the Commercial Embodiments since before the commercial release of Defendant's first air pleasure product.

14.    As explained in more detail below and in the associated claim charts included with this complaint (Exhibits 7-12), the Accused Products infringe the Asserted Patents.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 9,763,851

15.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

16.    The '851 Patent is titled "Stimulation Device." On September 19, 2017, the '851 Patent was duly and legally issued by the U.S. Patent and Trademark Office (USPTO). Novoluto is the assignee of the entire right, title, and interest in and to the '851 Patent, including all rights to enforce this patent against infringers.

4

A true and correct copy of the '851 Patent is attached as Exhibit 1.

17.    Defendant has infringed at least claim 1 of the '851 Patent at least by making, using, selling, offering to sell, and/or importing stimulation devices such as the Accused Products in the United States.

18.    At least each of the Shegasm Mini 12x Mini Silicone Clit Stimulator, Shegasm Focused Clitoral Stimulator, Mystic Rose Sucking & Vibrating Silicone Rose, Romping Rose 10x Suction Rose Thrusting Vibrator, and Passion Petals 10x Silicone Suction Rose Vibrator directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '851 Patent, under 35 U.S.C. § 271(a). A representative claim chart showing that the Romping Rose 10X Suction Rose & Thrusting Vibrator ("The Romping Rose") includes each and every element of representative claim 1 of the '851 Patent, and therefore infringes the '851 Patent, is attached as Exhibit 7.  The Romping Rose is a representative infringing product that is functionally and structurally substantially similar to the previously listed products, which also infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '851 Patent.

19.    On information and belief, Defendant has had knowledge of the '851 Patent and the application from which it issued prior to the issuance of the '851 Patent.

20.    On information and belief, Defendant also provided their customers with instructions and training, including user manuals and instructional videos, that teach, recommend and induce the infringing use and operation of the Accused Products in the United States.

21.    On information and belief, Defendant is aware that use and operation of the Accused Products in the United States by Defendant or their customers directly infringes the '851 Patent.

22.    On information and belief, Defendant, with knowledge of the '851 Patent, encourages distributors and retailers to sell the Accused Products and

1    specifically educates distributors and retailers on the infringing use and operation of

2    the Accused Products in the United States.

3          23.     On information and belief, Defendant aids and abets their customers'

4    direct infringement of the '851 Patent with knowledge that use of the Accused

5    Products in the United States directly infringes the '851 Patent.

6          24.     Defendant's actions actively induce infringement of the '851 Patent.

7    Accordingly, Defendant is also liable for indirect infringement pursuant to 35 U.S.C.

8    § 271(b).

9          25.     On information and belief, Defendant knows that the Accused Products

10   are not staple articles of commerce, are not suitable for substantial non-infringing

11   use, and are especially made or adapted for use in a manner that infringes Novoluto's

12   patent rights associated with the '851 Patent.

13         26.     Defendant's actions constitute contributory infringement of the '851

14   Patent pursuant to 35 U.S.C. § 271(c).

15         27.     Novoluto has been damaged by Defendant's infringing conduct.  Thus,

16   Defendant is liable to Novoluto in an amount that adequately compensates it for such

17   infringement, which, by law, cannot be less than a reasonable royalty, together with

18   interest and costs as fixed by this Court under 35 U.S.C. § 284.

19         28.     On information and belief, Defendant's infringement of the '851 Patent

20   has been willful at least because despite being aware of the '851 Patent and being

21   aware of the similarities between the Accused Products and the Commercial

22   Embodiments, such infringing conduct continues in conscious disregard of

23   Novoluto's rights in the '851 Patent.

24         29.     Novoluto has satisfied all statutory obligations required to collect pre-

25   filing damages for the full period allowed by law for Defendant's infringement of

26   the '851 Patent.

27

28

COMPLAINT FOR PATENT INFRINGEMENT

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 10,857,063**

30.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

31.    The '063 Patent is titled "Stimulation Device."  On December 8, 2020, the '063 Patent was duly and legally issued by the USPTO.  Novoluto is the assignee of the entire right, title, and interest in and to the '063 Patent, including all rights to enforce this patent against infringers.  A true and correct copy of the '063 Patent is attached as Exhibit 2.

32.    Defendant has infringed at least claim 1 of the '063 Patent at least by making, using, selling, offering to sell, and/or importing stimulation devices such as the Accused Products in the United States.

33.    At least each of the Bloomgasm Wild Rose 10x Suction Clit Stimulator, The Perfect Rose Clitoral Stimulator, Sweet Heart Rose 5x Suction Rose + 10K Vibrator, Bloomgasm Rose Duet Sucking & Vibrating Silicone Duo, Enchanted Rose 10x Clit Stimulator, Blooming Bunny Sucking & Thrusting Silicone Rabbit Vibrator, The Double Tease Rose 10x Sucking & Licking Rose Stimulator, Gossip Rose Crave 10X Silicone Clit Stimulator, Shegasm 5 Star Vibe Tech, and Royalty Rose Textured Suction Clit Stimulator directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '063 Patent, under 35 U.S.C. § 271(a). A representative claim chart showing that the Enchanted Rose 10X Clit Stimulator includes each and every element of representative claim 1 of the '063 Patent, and therefore infringes the '063 Patent, is attached as Exhibit 8.  The Enchanted Rose is a representative infringing product that is functionally and structurally substantially similar to the previously listed products, which also infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '063 Patent.

34.    On information and belief, Defendant has had knowledge of the '063 Patent and the application from which it issued prior to the issuance of the '063

Patent.

35.　On information and belief, Defendant also provided their customers with instructions and training, including user manuals and instructional videos, that teach, recommend and induce the infringing use and operation of the Accused Products in the United States.

36.　On information and belief, Defendant is aware that use and operation of the Accused Products in the United States by Defendant or their customers directly infringes the '063 Patent.

37.　On information and belief, Defendant, with knowledge of the '063 Patent, encourages distributors and retailers to sell the Accused Products and specifically educates distributors and retailers on the infringing use and operation of the Accused Products in the United States.

38.　On information and belief, Defendant aids and abets their customers' direct infringement of the '063 Patent with knowledge that use of the Accused Products in the United States directly infringes the '063 Patent.

39.　Defendant's actions actively induce infringement of the '063 Patent. Accordingly, Defendant is also liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

40.　On information and belief, Defendant knows that the Accused Products are not staple articles of commerce, are not suitable for substantial non-infringing use, and are especially made or adapted for use in a manner that infringes Novoluto's patent rights associated with the '063 Patent.

41.　Defendant's actions constitute contributory infringement of the '063 Patent pursuant to 35 U.S.C. § 271(c).

42.　Novoluto has been damaged by Defendant's infringing conduct. Thus, Defendant is liable to Novoluto in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

COMPLAINT FOR PATENT INFRINGEMENT

43.     On information and belief, Defendant's infringement of the '063 Patent has been willful at least because despite being aware of the '063 Patent and being aware of the similarities between the Accused Products and the Commercial Embodiments, such infringing conduct continues in conscious disregard of Novoluto's rights in the '063 Patent.

44.     Novoluto has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for Defendant's infringement of the '063 Patent.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 11,090,220

45.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

46.     The '220 Patent is titled "Stimulation Device."  On August 17, 2021, the '220 Patent was duly and legally issued by the USPTO.  Novoluto is the assignee of the entire right, title, and interest in and to the '220 Patent, including all rights to enforce this patent against infringers.  A true and correct copy of the '220 Patent is attached as Exhibit 3.

47.     Defendant has infringed at least claim 1 of the '220 Patent at least by making, using, selling, offering to sell, and/or importing stimulation devices such as the Accused Products in the United States.

48.     At least each of the Bloomgasm Wild Rose 10x Suction Clit Stimulator, Shegasm Mini 12x Mini Silicone Clit Stimulator, Shegasm Focused Clitoral Stimulator, The Perfect Rose Clitoral Stimulator, Sweet Heart Rose 5x Suction Rose + 10K Vibrator, Bloomgasm Rose Duet Sucking & Vibrating Silicone Duo, Enchanted Rose 10x Clit Stimulator, Blooming Bunny Sucking & Thrusting Silicone Rabbit Vibrator, The Double Tease Rose 10x Sucking & Licking Rose Stimulator, The Romping Rose, Royalty Rose Textured Suction Clit Stimulator, Gossip Rose Crave 10X Silicone Clit Stimulator, Shegasm 5 Star Vibe Tech, and

9

Passion Petals 10x Silicone Suction Rose Vibrator directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '220 Patent, under 35 U.S.C. § 271(a). A representative claim chart showing that The Romping Rose includes each and every element of representative claim 1 of the '220 Patent, and therefore infringes the '220 Patent, is attached as Exhibit 9. The Romping Rose is a representative infringing product that is functionally and structurally substantially similar to the previously listed products, which also infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '220 Patent.

49.    On information and belief, Defendant has had knowledge of the '220 Patent and the application from which it issued prior to the issuance of the '220 Patent.

50.    On information and belief, Defendant also provided their customers with instructions and training, including user manuals and instructional videos, that teach, recommend and induce the infringing use and operation of the Accused Products in the United States.

51.    On information and belief, Defendant is aware that use and operation of the Accused Products in the United States by Defendant or their customers directly infringes the '220 Patent.

52.    On information and belief, Defendant, with knowledge of the '220 Patent, encourages distributors and retailers to sell the Accused Products and specifically educates distributors and retailers on the infringing use and operation of the Accused Products in the United States.

53.    On information and belief, Defendant aids and abets their customers' direct infringement of the '220 Patent with knowledge that use of the Accused Products in the United States directly infringes the '220 Patent.

54.    Defendant's actions actively induce infringement of the '220 Patent. Accordingly, Defendant is also liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

55.     On information and belief, Defendant knows that the Accused Products are not staple articles of commerce, are not suitable for substantial non-infringing use, and are especially made or adapted for use in a manner that infringes Novoluto's patent rights associated with the '220 Patent.

56.     Defendant's actions constitute contributory infringement of the '220 Patent pursuant to 35 U.S.C. § 271(c).

57.     Novoluto has been damaged by Defendant's infringing conduct.  Thus, Defendant is liable to Novoluto in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

58.     On information and belief, Defendant's infringement of the '220 Patent has been willful at least because despite being aware of the '220 Patent and being aware of the similarities between the Accused Products and the Commercial Embodiments, such infringing conduct continues in conscious disregard of Novoluto's rights in the '220 Patent.

59.     Novoluto has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for Defendant's infringement of the '220 Patent.

**COUNT IV**

**INFRINGEMENT OF U.S. PATENT NO. 11,103,418**

60.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

61.     The '418 Patent is titled "Stimulation Device."  On August 31, 2021, the '418 Patent was duly and legally issued by the USPTO.  Novoluto is the assignee of the entire right, title, and interest in and to the '418 Patent, including all rights to enforce this patent against infringers.  A true and correct copy of the '418 Patent is attached as Exhibit 4.

62.     Defendant has infringed at least claim 1 of the '418 Patent at least by

11

COMPLAINT FOR PATENT INFRINGEMENT

making, using, selling, offering to sell, and/or importing stimulation devices such as the Accused Products in the United States.

63.    At least each of the Bloomgasm Wild Rose 10x Suction Clit Stimulator, Shegasm Mini 12x Mini Silicone Clit Stimulator, Shegasm Focused Clitoral Stimulator, The Perfect Rose Clitoral Stimulator, Sweet Heart Rose 5x Suction Rose + 10K Vibrator, Bloomgasm Rose Duet Sucking & Vibrating Silicone Duo, Enchanted Rose 10x Clit Stimulator, Blooming Bunny Sucking & Thrusting Silicone Rabbit Vibrator, The Double Tease Rose 10x Sucking & Licking Rose Stimulator, The Romping Rose, Royalty Rose Textured Suction Clit Stimulator, Gossip Rose Crave 10X Silicone Clit Stimulator, Shegasm 5 Star Vibe Tech, and Passion Petals 10x Silicone Suction Rose Vibrator directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '418 Patent, under 35 U.S.C. § 271(a). A representative claim chart showing that The Romping Rose includes each and every element of representative claim 1 of the '418 Patent, and therefore infringes the '418 Patent, is attached as Exhibit 10.  The Romping Rose is a representative infringing product that is functionally and structurally substantially similar to the previously listed products, which also infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '418 Patent.

64.    On information and belief, Defendant has had knowledge of the '418 Patent and the application from which it issued prior to the issuance of the '418 Patent.

65.    On information and belief, Defendant also provided their customers with instructions and training, including user manuals and instructional videos, that teach, recommend and induce the infringing use and operation of the Accused Products in the United States.

66.    On information and belief, Defendant is aware that use and operation of the Accused Products in the United States by Defendant or their customers directly infringes the '418 Patent.

12

COMPLAINT FOR PATENT INFRINGEMENT

67.     On information and belief, Defendant, with knowledge of the '418 Patent, encourages distributors and retailers to sell the Accused Products and specifically educates distributors and retailers on the infringing use and operation of the Accused Products in the United States.

68.     On information and belief, Defendant aids and abets their customers' direct infringement of the '418 Patent with knowledge that use of the Accused Products in the United States directly infringes the '418 Patent.

69.     Defendant's actions actively induce infringement of the '418 Patent. Accordingly, Defendant is also liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

70.     On information and belief, Defendant knows that the Accused Products are not staple articles of commerce, are not suitable for substantial non-infringing use, and are especially made or adapted for use in a manner that infringes Novoluto's patent rights associated with the '418 Patent.

71.     Defendant's actions constitute contributory infringement of the '418 Patent pursuant to 35 U.S.C. § 271(c).

72.     Novoluto has been damaged by Defendant's infringing conduct. Thus, Defendant is liable to Novoluto in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

73.     On information and belief, Defendant's infringement of the '418 Patent has been willful at least because despite being aware of the '418 Patent and being aware of the similarities between the Accused Products and the Commercial Embodiments, such infringing conduct continues in conscious disregard of Novoluto's rights in the '418 Patent.

74.     Novoluto has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for Defendant's infringement of the '418 Patent.

**COUNT V**

**INFRINGEMENT OF U.S. PATENT NO. 9,849,061**

75.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

76.     The '061 Patent is titled "Stimulation Device Having An Appendage." On December 26, 2017, the '061 Patent was duly and legally issued by the USPTO. Novoluto is the assignee of the entire right, title, and interest in and to the '061 Patent, including all rights to enforce this patent against infringers.  A true and correct copy of the '061 Patent is attached as Exhibit 5.

77.     Defendant has infringed at least claim 1 of the '061 Patent at least by making, using, selling, offering to sell, and/or importing stimulation devices such as the Accused Products in the United States.

78.     At least each of The Romping Rose and Passion Petals 10x Silicone Suction Rose Vibrator directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '061 Patent, under 35 U.S.C. § 271(a). A representative claim chart showing that The Romping Rose includes each and every element of representative claim 1 of the '061 Patent, and therefore infringes the '061 Patent, is attached as Exhibit 11.  The Romping Rose is a representative infringing product that is functionally and structurally substantially similar to the previously listed products, which also infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '061 Patent.

79.     On information and belief, Defendant has had knowledge of the '061 Patent and the application from which it issued prior to the issuance of the '061 Patent.

80.     On information and belief, Defendant also provided their customers with instructions and training, including user manuals and instructional videos, that teach, recommend and induce the infringing use and operation of the Accused Products in the United States.

COMPLAINT FOR PATENT INFRINGEMENT

81.     On information and belief, Defendant is aware that use and operation of the Accused Products in the United States by Defendant or their customers directly infringes the '061 Patent.

82.     On information and belief, Defendant, with knowledge of the '061 Patent, encourages distributors and retailers to sell the Accused Products and specifically educates distributors and retailers on the infringing use and operation of the Accused Products in the United States.

83.     On information and belief, Defendant aids and abets their customers' direct infringement of the '061 Patent with knowledge that use of the Accused Products in the United States directly infringes the '061 Patent.

84.     Defendant's actions actively induce infringement of the '061 Patent. Accordingly, Defendant is also liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

85.     On information and belief, Defendant knows that the Accused Products are not staple articles of commerce, are not suitable for substantial non-infringing use, and are especially made or adapted for use in a manner that infringes Novoluto's patent rights associated with the '061 Patent.

86.     Defendant's actions constitute contributory infringement of the '061 Patent pursuant to 35 U.S.C. § 271(c).

87.     Novoluto has been damaged by Defendant's infringing conduct. Thus, Defendant is liable to Novoluto in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

88.     On information and belief, Defendant's infringement of the '061 Patent has been willful at least because despite being aware of the '061 Patent and being aware of the similarities between the Accused Products and the Commercial Embodiments, such infringing conduct continues in conscious disregard of Novoluto's rights in the '061 Patent.

COMPLAINT FOR PATENT INFRINGEMENT

89.    Novoluto has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for Defendant's infringement of the '061 Patent.

## COUNT VI

## INFRINGEMENT OF U.S. PATENT NO. 9,937,097

90.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

91.    The '097 Patent is titled "Stimulation Device Having An Appendage." On April 10, 2018, the '097 Patent was duly and legally issued by the USPTO. Novoluto is the assignee of the entire right, title, and interest in and to the '097 Patent, including all rights to enforce this patent against infringers.  A true and correct copy of the '097 Patent is attached as Exhibit 6.

92.    Defendant has infringed at least claim 1 of the '097 Patent at least by making, using, selling, offering to sell, and/or importing stimulation devices such as the Accused Products in the United States.

93.    At least each of the Sweet Heart Rose 5x Suction Rose + 10K Vibrator, Bloomgasm Rose Duet Sucking & Vibrating Silicone Duo, Blooming Bunny Sucking & Thrusting Silicone Rabbit Vibrator, The Romping Rose, Royalty Rose Textured Suction Clit Stimulator, Passion Petals 10x Silicone Suction Rose Vibrator, and Shegasm 5 Star Vibe Tech directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '097 Patent, under 35 U.S.C. § 271(a).  A representative claim chart showing that The Romping Rose includes each and every element of representative claim 1 of the '097 Patent, and therefore infringes the '097 Patent, is attached as Exhibit 12.  The Romping Rose is a representative infringing product that is functionally and structurally substantially similar to the previously listed products, which also infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '097 Patent.

94.    On information and belief, Defendant has had knowledge of the '097

16

Patent and the application from which it issued prior to the issuance of the '097 Patent.

95.    On information and belief, Defendant also provided their customers with instructions and training, including user manuals and instructional videos, that teach, recommend and induce the infringing use and operation of the Accused Products in the United States.

96.    On information and belief, Defendant is aware that use and operation of the Accused Products in the United States by Defendant or their customers directly infringes the '097 Patent.

97.    On information and belief, Defendant, with knowledge of the '097 Patent, encourages distributors and retailers to sell the Accused Products and specifically educates distributors and retailers on the infringing use and operation of the Accused Products in the United States.

98.    On information and belief, Defendant aids and abets their customers' direct infringement of the '097 Patent with knowledge that use of the Accused Products in the United States directly infringes the '097 Patent.

99.    Defendant's actions actively induce infringement of the '097 Patent. Accordingly, Defendant is also liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

100.    On information and belief, Defendant knows that the Accused Products are not staple articles of commerce, are not suitable for substantial non-infringing use, and are especially made or adapted for use in a manner that infringes Novoluto's patent rights associated with the '097 Patent.

101.    Defendant's actions constitute contributory infringement of the '097 Patent pursuant to 35 U.S.C. § 271(c).

102.    Novoluto has been damaged by Defendant's infringing conduct. Thus, Defendant is liable to Novoluto in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with

COMPLAINT FOR PATENT INFRINGEMENT

1  interest and costs as fixed by this Court under 35 U.S.C. § 284.

2  103.   On information and belief, Defendant's infringement of the '097 Patent

3  has been willful at least because despite being aware of the '097 Patent and being

4  aware of the similarities between the Accused Products and the Commercial

5  Embodiments, such infringing conduct continues in conscious disregard of

6  Novoluto's rights in the '097 Patent.

7  104.   Novoluto has satisfied all statutory obligations required to collect pre-

8  filing damages for the full period allowed by law for Defendant's infringement of

9  the '097 Patent.

10  ## JURY DEMAND

11  Plaintiff hereby demands a trial by jury on all issues triable as of right by a

12  jury.

13  ## PRAYER FOR RELIEF

14  Novoluto requests the Court find in its favor and against Defendant, and that

15  the Court grant Novoluto the following relief:

16  A.     Judgment that one or more claims of the Asserted Patents have been

17  infringed, either literally and/or under the doctrine of equivalents, by Defendant;

18  B.     Judgment that Defendant's infringement has been willful;

19  C.     A permanent injunction enjoining Defendant and its officers, directors,

20  agents, affiliates, employees, divisions, branches, subsidiaries, parents, and all

21  others acting in concert therewith from the infringement of the Asserted Patents; or,

22  in the alternative, an award of ongoing damages for future infringement.

23  D.     Judgment that Defendant account for and pay to Novoluto all damages

24  to and costs incurred by Novoluto because of Defendant's infringing activities and

25  other conduct complained of herein, including an award of all increased damages

26  to which Novoluto is entitled under 35 U.S.C. § 284;

27  E.     That Novoluto be granted pre-judgment and post-judgment interest on

28  the damages caused by Defendant's infringing activities and other complained-of-

conduct;

F. That this Court declare this an exceptional case and award Novoluto its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

G. That Novoluto be granted such other and further relief as the Court may deem just and proper under the circumstances.

19

COMPLAINT FOR PATENT INFRINGEMENT

Date: September 3, 2024

**OSHA BERGMAN WATANABE & BURTON LLP**

By: _____
Tammy J. Terry (SB# 230283)
**OSHA BERGMAN WATANABE & BURTON LLP**
1100 Louisiana St., Suite 4900
Houston, TX 77002
Tel.: (713) 228-8600
Email:  terry@obwb.com,
          OBWB-XRBRANDS@obwb.com

*ATTORNEY FOR PLAINTIFF NOVOLUTO GMBH*

20

COMPLAINT FOR PATENT INFRINGEMENT